IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| MOHAMED ALASSANE KARZO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:21CV667 |
| | ) | |
| MATADOR RECORDS, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Plaintiff Mohamed Alassane Karzo initiated this action on August 29, 2021, alleging that Defendants violated the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*, and the North Carolina Unfair and Deceptive Trade Practices Act. (ECF No. 1.) Before the Court is Defendants' Motion for Partial Judgment on the Pleadings. (ECF No. 24.) For the reasons stated herein, Defendants' motion will be granted.

I.    **BACKGROUND**

Plaintiff Mohamed Alassane Karzo ("Plaintiff") is a Tuareg musician from Niger. (ECF No. 1 ¶¶ 18–20.) He wrote the song "Mafelawen" sometime in 2006 or 2007. (*Id.* ¶ 26.) Plaintiff registered "Mafelawen and 9 Other Unpublished Works" with the United States Copyright Office on April 29, 2021. (*Id.* ¶ 87–88; ECF No. 25-1 at 1.)

Defendant Mahamadou Souleymane is another Tuareg musician from Niger. (ECF No. 1 ¶ 33.) He makes music under the band name "M'dou Moctar." (*Id.* ¶ 34.) Souleymane began performing the song "Afrique Victime" in 2012. (*Id.* ¶ 66.)

On May 21, 2021, Souleymane and his band M'Dou Moctar[1] released an album entitled "Afrique Victime" via Defendants Matador Records, Inc., Redeye, Inc., and Domino Publishing Company of America, Inc. (*Id.* ¶ 95.) That album includes the song "Afrique Victime," which Plaintiff alleges infringes on "Mafelawen." (*Id.* ¶¶ 95–96.) Plaintiff contends that "Afrique Victime" is an "exact copy" of "Mafelawen," including the same chorus, guitar parts, and chord structure, albeit at an increased tempo. (*Id.* ¶¶ 62–65.)

On August 29, 2021, Plaintiff brought this action against Defendants, alleging copyright infringement under 17 U.S.C. § 501, and seeking injunctive relief, statutory damages, and attorney's fees under 17 U.S.C. §§ 502–505. (ECF No. 1 ¶¶ 101–03.) Plaintiff also alleges that Defendants violated the North Carolina Unfair and Deceptive Trade Practices Act and seeks treble damages and attorney's fees under N.C. Gen. Stat. §§ 75-8, 75-16., 75-16.1. (*Id.* ¶¶ 112–14.)

Defendants now move pursuant to Fed. R. Civ. P. 12(c) for partial judgment on the pleadings. (ECF No. 24.) Specifically, Defendants challenge Plaintiff's claims for statutory damages under 17 U.S.C. § 504 and attorney's fees under 17 U.S.C. § 505. (ECF No. 25 at 3.)

---

[1] Defendants Michael Coltun, Ahmoudou Madassane, and Souleymane Ibrahim are the other members of M'Dou Moctar named in the Complaint. (ECF No. 1 ¶¶ 13–16.)

Case 1:21-cv-00667-LCB-LPA   Document 37   Filed 09/14/22   Page 2 of 10

## II.   STANDARD OF REVIEW

Under Rule 12(c) of the Federal Rules of Civil Procedure, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate where the case turns on a legal question and the pleadings demonstrate that the moving party is entitled to judgment as a matter of law." *Fed. Ins. Co. v. S. Lithoplate, Inc.*, 7 F. Supp. 3d 579, 583 (E.D.N.C. 2014). Such a motion is generally analyzed "under the same standards as a motion to dismiss under Rule 12(b)(6)." *Occupy Columbia v. Haley*, 738 F.3d 107, 115 (4th Cir. 2013). "The court assumes the facts alleged by the nonmoving party are true" and draws all reasonable inferences in favor of the nonmoving party. *Lithoplate*, 7 F. Supp. 3d at 583. Like a Rule 12(b)(6) motion, a "Rule 12(c) motion tests only the sufficiency of the complaint and does not resolve the merits of the plaintiff's claims or any disputes of fact." *Drager v. PLIVA USA, Inc.*, 741 F.3d 470, 474 (4th Cir. 2014).

However, unlike when deciding a Rule 12(b)(6) motion to dismiss, the Court, when deciding a motion for judgment on the pleadings, may consider the answer. *Alexander v. City of Greensboro*, 801 F. Supp. 2d 429, 433 (M.D.N.C. 2011). Factual allegations contained in an answer "are taken as true only where and to the extent they have not been denied or do not conflict with the complaint."[2] *Jadoff v. Gleason*, 140 F.R.D. 330, 331 (M.D.N.C. 1991). "To survive a motion for judgment on the pleadings, 'a complaint must contain sufficient factual

---

[2] In their answers, all Defendants deny the paragraph of Plaintiff's Complaint that states "Souleymane has been performing Afrique Victime since 2012, in violation of Karzo's ownership interests in Mafelawen." (ECF Nos. 8 ¶ 66; 12 ¶ 66; 15 ¶ 66; 23 ¶ 66.) For the purposes of this motion, the Court accepts all factual allegations in Plaintiff's Complaint as true. *See Massey v. Ojaniit*, 759 F.3d 343, 353 (4th Cir. 2014) (explaining that a Rule 12(c) motion does not resolve "any disputes of fact").

matter, accepted as true, to "state a claim to relief that is plausible on its face."" *Conner v. Cleveland County*, 22 F.4th 412, 420 (4th Cir. 2022) (quoting *Pledger v. Lynch*, 5 F.4th 511, 520 (4th Cir. 2021)).

## III. DISCUSSION

In their motion, Defendants argue that Plaintiff's Complaint fails to state a claim for statutory damages under 17 U.S.C. § 504, as well as for attorney's fees under 17 U.S.C. § 505, because the alleged infringement began in 2012, and Plaintiff did not register his copyright on "Mafelawen" until April 29, 2021. (ECF Nos. 25 at 4–5; 25-1 at 1.)

In response, Plaintiff argues that Defendants misread the Complaint, (ECF No. 27 at 2), and that Plaintiff only seeks statutory damages for Defendants' infringement beginning on May 21, 2021, when Defendants released their album, not 2012, when Souleymane began performing "Afrique Victime" live, (*id.* at 2–3). Further, Plaintiff maintains that "[a]ll allegations of actions that violated the Plaintiff's copyrights . . . are relegated to dates after the Plaintiff's registration." (*Id.* at 3.)

A plaintiff who brings a copyright infringement claim may pursue actual damages and profits obtained or statutory damages. 17 U.S.C. § 504(a). However, 17 U.S.C. § 412 precludes statutory damages or attorney's fees for "any infringement of copyright in an unpublished work commenced before the effective date of its registration" or "any infringement of copyright commenced after first publication of the work and before the effective date of its registration." 17 U.S.C. § 412(1)–(2). Here, Plaintiff registered the copyright on his unpublished work "Mafelawen" on April 29, 2021. (ECF No. 25-1 at 1.) Thus, according to the express language of § 412, Plaintiff is precluded from recovering statutory damages or

4

attorney's fees for any infringement that commenced before the registration on April 29, 2021. *See* 17 U.S.C. § 412(1).

Defendants contend that Plaintiff is additionally precluded from recovering statutory damages and attorney's fees for any alleged infringement after Plaintiff's registration on April 29, 2021. (ECF No. 25 at 4.) Defendants reason that, according to Plaintiff's Complaint, Defendants' alleged infringement began in 2012, and their release of the album in May 2021 constitutes a continuation of the 2012 infringing conduct. (*Id.* at 4–5.) Defendants cite the Fourth Circuit decision in *Bouchat v. Bon-Ton Dep't Stores, Inc.*, 506 F.3d 315 (4th Cir. 2007) to support their position. (*Id.* at 5.)

Thus, at issue here is whether the "Afrique Victime" album release on May 21, 2021, following Plaintiff's copyright registration, is a continuation of the infringement alleged by Plaintiff commencing in 2012, or if it constitutes a new, different, or separate infringement and consequently a new basis for the award of statutory damages and attorney's fees.

The only Fourth Circuit case to touch on this issue is *Bouchat*. There, the Fourth Circuit held that a plaintiff could not recover statutory damages for infringement that commenced prior to registration of his copyright. *Bouchat*, 506 F.3d at 331. In December 1995, the plaintiff drew a logo for a newly relocated Baltimore Ravens football team, which he later faxed to the team in hope that it would be adopted (and that he would be recognized for it). *Id.* at 324. In June 1996, the team eventually presented its brand-new logo to the public, which "bore a remarkable resemblance" to plaintiff's drawing. *Id.* Following the team's public display of the logo and initiation of licensing deals with manufacturers and retailers for use on Ravens' merchandise, plaintiff registered a copyright on the logo on July 25, 1996. *Id.* at 324, 330.

After plaintiff's registration, the several hundred licensees continued to use the logo on their products. *Id.* at 330. As long as the licensees' post-registration use of the logo could be "trace[d]" back to "pre-registration conduct in violation of the same copyright," the Fourth Circuit found that statutory damages should be denied. *Id.* at 331.

Critical to the issue in *Bouchat*, as well as the matter before the Court, is what it means to "commence" infringement within the meaning of § 412. The court in *Bouchat* explained that infringement commences "when the first act in a series of acts constituting infringement occurs." *Id.* at 330 (quoting *Johnson v. Jones*, 149 F.3d 494, 506 (6th Cir. 1998)). The court reasoned that by using the word "commenced," § 412 instructs courts to "trace" an alleged infringer's conduct after registration back to the original offending conduct which may have occurred before registration. *Id.* According to the Fourth Circuit "[t]his interpretation makes sense 'because "it would be peculiar if not inaccurate to use the word 'commenced' to describe a single act" rather than the first in a group of acts.'" *Id.* (quoting *Singh v. Famous Overseas, Inc.*, 680 F. Supp. 533, 535 (E.D.N.Y. 1988)). To determine whether statutory damages could be awarded for post-registration infringements, the Fourth Circuit simply asked whether the post-registration activity could be "traced" to the initial infringing activities or "was part of the same line of related infringements."[3] *Id.* at 331.

---

[3] Some courts have articulated a more bright-line rule. For example, in *Mason v. Montgomery Data, Inc.*, 967 F.2d 135 (5th Cir. 1992), the Fifth Circuit made clear that statutory damages for post-registration infringements will be barred so long as "the same defendant commenced an infringement of the same work prior to registration." *Id.* at 144; *see also, e.g.*, *Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 701 (9th Cir. 2008). In *Mason*, the Fifth Circuit also relied on the legislative history of § 412, which revealed "Congress' intent that statutory damages be denied not only for *the particular infringement* that a defendant commenced before registration, but for all of that defendant's infringements of a work if one of those infringements commenced prior to registration." 967 F.2d at 143.

Case 1:21-cv-00667-LCB-LPA   Document 37   Filed 09/14/22   Page 6 of 10

The court in *Bouchat* also made clear that where additional infringers emerge after copyright registration, it is still necessary to treat these groups of infringers "identically when assessing their statutory damages liability." *Id.* ("[I]t is appropriate to treat the earliest date of infringement by *any* participant in a line of related copyright violations as the date of commencement."). The Fourth Circuit recognized that such a "holding has the added benefit of respecting Congress's purpose for enacting § 412, which is to encourage speedy registration." *Id.*

Finally, in *Bouchat*, the Fourth Circuit, in discussing the importance of registration in the Copyright Act's statutory scheme, stated that "[r]egistration promotes orderly resolution of copyright disputes because it creates a permanent record of the protected work, putting the world on constructive notice of the copyright owner's claim." *Id.* at 329 (citing *Johnson*, 149 F.3d at 505).

Plaintiff argues here that "live performance by a solo artist" is different from "the commencement of publishing and promoting an album" and thus should be considered its own separate instance of infringement. (ECF No. 27 at 3.) However, Plaintiff provides no legal authority supporting this contention. Defendants, on the other hand, argue that the facts alleged by Plaintiff "clearly demonstrate continuation" and that "[p]erformances followed by an album release are a natural chain of events for a song and are, therefore, properly considered a continuation." (ECF No. 30 at 5.) Defendants cite a handful of cases where courts have found in favor of continuation.[4] (*Id.* at 3–4.) Defendants also maintain that "[a] finding of

---

[4] Some of the examples in Defendants' reply memorandum include: *Shady Recs., Inc. v. Source Enters., Inc.*, No. 03 CIV. 9944, 2005 WL 14920, at *22 (S.D.N.Y. Jan. 3, 2005) (finding continuation where defendants played portions of infringing songs in public before registration, then published a CD

continuation under these facts also squarely lines up with Congress's intent in drafting § 412." (*Id.* at 5.)

Viewing the facts alleged by Plaintiff in his Complaint as true and drawing all reasonable inferences in his favor, Defendants must prevail on the issue of statutory damages under 17 U.S.C. § 504 and attorney's fees under 17 U.S.C. § 505. Just as the Fourth Circuit in *Bouchat* found that various licensees' post-registration use of a logo could be traced to an initial public display of that same logo, the "Afrique Victime" album release can similarly be traced to Souleymane's performances beginning in 2012. The formal recording of a song for purposes of an album is fairly "traceable" to the initial making and performance of that same song since absent such performances, the album may never have come into existence. This result also comports with Congress's goal "to motivate speedy registration" by "making registration a precondition for the 'extraordinary remed[y]' of statutory damages." *Bouchat*, 506 F.3d at 329. Plaintiff waited nearly ten years to register his copyright, which is precisely what Congress sought to avoid in drafting § 412. To allow Plaintiff to recover statutory damages and attorney's fees when his own Complaint alleges that the first infringing conduct occurred nearly ten years earlier would not only undermine the legislative intent of § 412 but also the importance of registration as articulated in *Bouchat*.

Plaintiff alternatively argues that § 412's bar on statutory damages does not apply because there were no pre-registration infringements by the Defendants. There are a few

including the allegedly infringing songs after registration); *Morgan v. Hawthorne Homes, Inc.*, Nos. 04-1809, 07-803, 2011 WL 2181385, at *3 (W.D. Pa. June 2, 2011) (finding continuation where defendants copied home plan drawings before registration, then constructed a home according to the copied drawings after registration); *Arista Recs. LLS v. Lime Grp. LLC*, No. 06 CIV. 5936, 2010 WL 6230927, at *3 (S.D.N.Y. Dec. 28, 2010); and *Johnson v. Jones*, 149 F.3d 494, 506 (6th Cir. 1998).

8

problems with this contention. Plaintiff's pleadings refer to the performances of "Afrique Victime" beginning in 2012 as infringements. For example, in the Complaint, Plaintiff states that when he registered his copyright, "[m]eanwhile, there was an infringement of [Plaintiff's] works of which he had no knowledge." (ECF No. 1 ¶¶ 59–60.) This indicates that Plaintiff understands the infringement was ongoing at the time of his copyright registration.

Plaintiff also unsuccessfully attempts to recharacterize his interest in "Mafelawen." The Complaint states that "Souleymane has been performing Afrique Victime since 2012, in violation of Karzo's ownership interests in Mafelawen," (*id.* ¶ 66), and Plaintiff contends that this "ownership interest" is distinct from a "copyright interest," (ECF No. 27 at 3). In other words, Plaintiff argues that Souleymane was only infringing on his *ownership* interests beginning in 2012, not his *copyright* interests—those were not infringed upon until the 2021 album release. (*Id.* at 2–3.)

This Court does not find Plaintiff's argument persuasive. A work becomes subject to copyright protection the moment it is created and "fixed in any tangible medium of expression . . . from which [it] can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device." 17 U.S.C. § 102(a). This includes "musical works, including any accompanying words." *Id.* § 102(a)(2). So, when Plaintiff wrote "Mafelawen" in 2006 or 2007, including its lyrics and accompanying music, (ECF No. 1 ¶ 26–28), he obtained a copyright interest that could be infringed upon. Copyright infringement occurs when someone "violates any of the exclusive rights of the copyright owner." 17 U.S.C. § 501(a). Some "exclusive rights" of the copyright owner include the right "to prepare derivative works based upon the copyrighted work" and "to perform the copyrighted work

9

publicly." *Id.* § 106(2), (4). Accordingly, Plaintiff's contention that he possessed an "ownership interest" in "Mafelawen" beginning in 2006 or 2007, but not a "copyright interest," does not change this Court's analysis.

In conclusion, the pleadings demonstrate that Defendants are entitled to judgment as a matter of law. Section 412 bars Plaintiff's recovery of statutory damages and attorney's fees for any infringement that commenced before he registered his copyright on April 29, 2021. Further, based on the allegations in Plaintiff's Complaint, statutory damages and attorney's fees are likewise barred for post-registration infringements, that is, the "Afrique Victime" album release and distribution, which are traceable to the initial infringing activities, which included Souleymane's live performances beginning in 2012.

For the reasons stated herein, the Court enters the following:

## ORDER

**IT IS THEREFORE ORDERED** that Defendants' Motion for Partial Judgment on the Pleadings, (ECF No. 24), is **GRANTED**. Specifically, Plaintiff is barred from recovering statutory damages and attorney fees in this action.

This, the 14th day of September 2022.

/s/ Loretta C. Biggs
United States District Judge