IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO.: 21-CV-00667

MOHAMED ALASSANE KARZO,

    Plaintiff

v.                                      **JOINT RULE 26(f) REPORT**

MATADOR RECORDS, INC. et. al.,

    Defendants

---

1. Pursuant to Fed. R. Civ. P. 26(f) and LR 16.1(b), a meeting was held by email on October 27, 2022, and was attended by Donavan J. Hylarides for Defendants, and by Shane Perry for Plaintiff.

2. **Discovery Plan**. The parties propose to the Court the following discovery plan.

Discovery will be needed on the following subjects, subject to appropriate objections:

    (a) Plaintiff's claims for copyright infringement, unfair and deceptive trade practices, and accounting as set forth in the Complaint.

    (b) Defendants' admissions and denials and defenses alleged.

Discovery shall be placed on a case-management track established under LR 26.1. The parties agree that the appropriate plan for this case (with any stipulated modification by the parties as set out below) is that designated in LR 26.1(a) as **Complex**.

The date for completion of all discovery (general and expert) is: **April 3, 2023**.

Stipulated modifications to the case management track include: **None.**

Reports of experts retained under Rule 26(a)(2) are due on the following schedule:

    a. Reports of experts summarizing opinions or other evidence that will, or may, be introduced by the retaining party in support of a claim or defense that the retaining party bears the burden of proving are due <u>February 3, 2023</u>.

b. Reports of experts summarizing opinions or other evidence that will, or may, be introduced by the retaining party in opposition to or rebuttal of a claim or defense that the opposing party bears the burden of proving are due <u>March 3, 2023</u>.

Supplementations under Rule 26(e) are due within thirty days of a party's discovery of information subject to the duty to supplement.

Rule 26(a)(1) disclosures shall be exchanged within 14 days after the issuance of the initial pretrial order.

3. **Mediation**. Mediation should be conducted within the discovery period, the exact date to be set by the mediator after consultation with the parties. The parties have conferred and agree to seek the services of M. Ann Anderson to mediate this matter. To the extent that M. Ann Anderson is unable or unwilling to accept this assignment, the parties will confer in good faith to determine a mutually agreeable mediator.

4. **Preliminary Deposition Schedule**. The parties have not agreed to a schedule for depositions but will cooperate in scheduling depositions during the discovery period.

5. **Other Items**.

   a. <u>Leave to Amend Pleadings and Join Additional Parties.</u> The parties should be allowed until <u>December 16, 2022</u>, to request leave to join additional parties or amend pleadings. After this date, the court will consider, *inter alia*, whether the granting of leave would delay trial.

   b. <u>Special Procedures.</u> The parties have discussed special procedures for managing this case, including reference of the case to a magistrate judge on consent of the parties under 28 U.S.C. § 636(c), or appointment of a master. <u>No such agreements have been made</u>.

   c. <u>No Conference Requested.</u> The parties do not request a conference with the Court before the entry of the initial pretrial order.

   d. <u>Protective Order.</u> The parties are discussing and anticipate submitting a proposed protective order.

e. <u>ESI Order.</u> The parties are discussing and may submit a proposed ESI order.

f. <u>Estimated Length of Trial.</u> Trial of the action is expected to take approximately <u>five (5)</u> days. A jury trial has been demanded.

g. <u>Confidential Document Procedures.</u> The parties discussed whether the case will involve the possibility of confidential or sealed documents.

__X__ The parties agreed that no documents in this case will be designated as confidential or filed under seal.

OR

____ The case may involve confidential or sealed documents and the parties have separately filed a LR 5.5 Report.

This the 27th day of October 2022.

/s/ M. Shane Perry____
M. Shane Perry
N.C. State Bar #35498
shane@collumperry.com
Collum & Perry
*Attorneys for Plaintiff*
109 W. Statesville Ave.
Mooresville, NC 28115
(704) 663-4187

/s/ Donavan J. Hylarides____
Donavan J. Hylarides
N.C. State Bar # 44487
dhylarides@wehwlaw.com
Wyatt Early Harris Wheeler LLP
*Attorneys for Plaintiff*
1912 Eastchester Drive, Suite 400
High Point, NC 27265
Direct Telephone: (336) 819-6007

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **JOINT RULE 26(f) REPORT** was electronically filed with the Clerk of Court by using the CM/ECF System and was therefore served under Fed. R. Civ. P. 5(b)(2)(F).

This the 27th day of October 2022.

    /s/ Donavan J. Hylarides
Donavan J. Hylarides
N.C. State Bar # 44487
dhylarides@wehwlaw.com
Wyatt Early Harris Wheeler LLP
*Attorneys for Plaintiff*
1912 Eastchester Drive, Suite 400
High Point, NC 27265
Direct Telephone: (336) 819-6007