IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| MOHAMED ALASSANE KARZO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:21CV667 |
| | ) | |
| MATADOR RECORDS, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Plaintiff Mohamed Alassane Karzo initiated this action on August 29, 2021, alleging that Defendants violated the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*, and the North Carolina Unfair and Deceptive Trade Practices Act. (ECF No. 1.) On September 14, 2022, this Court granted Defendants' Motion for Partial Judgment on the Pleadings, which barred Plaintiff from recovering statutory damages under 17 U.S.C. § 504 and attorney's fees under 17 U.S.C. § 505. (ECF No. 37.) Before the Court is Plaintiff's Petition for Certification of Interlocutory Appeal and Motion to Stay. (ECF No. 39.) For the reasons stated herein, Plaintiff's motion will be denied.

28 U.S.C. § 1292 permits the interlocutory appeal of orders prior to final judgement. Specifically, § 1292(b) states:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, [she] shall so state in writing in such order.

An interlocutory appeal pursuant to § 1292(b) is only appropriate in limited circumstances:

> The purpose of § 1292(b) is to allow for an early appeal of an order when appellate-level resolution of issues addressed by that order may provide more efficient disposition of the litigation. Section 1292(b), however, was not intended to allow interlocutory appeal in ordinary suits. Nor was it intended as a vehicle to provide early review of difficult rulings in hard cases. Rather, it is limited to extraordinary cases where early appellate review might avoid protracted and expensive litigation.

*Nat'l Interstate Ins. Co. v. Morgan & Sons Weekend Tours, Inc.*, No. 11CV1074, 2016 WL 1228622, at *1–2 (M.D.N.C. Mar. 28, 2016) (quoting *North Carolina ex rel. Howes v. W.R. Peele, Sr. Tr.*, 889 F. Supp. 849, 851–52 (E.D.N.C. 1995)). The Fourth Circuit has made clear that § 1292(b) "should be used sparingly" and "its requirements must be strictly construed." *Myles v. Laffitte*, 881 F.2d 125, 127 (4th Cir. 1989).

Here, the Court is not persuaded that there is substantial ground for difference of opinion as to a controlling question of law to warrant certification of its September 14 Order. Nor would certification materially advance the ultimate termination of the litigation.

First, the Court does not find that its Order barring Plaintiff's recovery of statutory damages and attorney's fees involves a controlling question of law. "An issue is one of 'controlling law' when it is a 'narrow, dispositive question of pure law.'" *Nat'l Interstate Ins. Co.*, 2016 WL 1228622, at *2 (quoting *KPMG Peat Marwick, L.L.P. v. Estate of Nelco, Ltd.*, 250 B.R. 74, 82 (E.D. Va. 2000)). "A question of law is generally considered to be controlling within the meaning of § 1292(b) if the action would have been terminated had the district court ruled the opposite way." *Id.* (quoting *City of Charleston, S.C. v. Hotels.com, LP*, 586 F. Supp. 2d 538, 542 (D.S.C. 2008)). Here, the Order only limited the type of damages which Plaintiff can recover; Plaintiff's copyright infringement claim and ability to seek actual damages still

remain.  Had the Court ruled in the opposite way, the action would not have been terminated, and the course of the litigation would remain unchanged.

Second, the Court does not find that there is a substantial ground for difference of opinion between courts.  "[A]n interlocutory appeal will lie only if a difference of opinion exists between courts on a given controlling question of law, creating the need for an interlocutory appeal to resolve the split or clarify the law."  *Id.* (quoting *KPMG Peat Marwick*, 250 B.R. at 82–83).  None of the cases cited by Plaintiff in his reply brief present a substantial ground for difference of opinion between courts.[1]  (ECF No. 45 at 3–4); *see, e.g.*, *Rosen v. Terapeak, Inc.*, 2015 WL 12803136, at *4 (C.D. Cal. May 4, 2015) (expressing disagreement with *Bouchat v. Bon-Ton Dep't Stores Inc.*, 506 F.3d 315 (4th Cir. 2007), but only in the context of an issue preclusion argument); *Troll Co. v. Uneeda Doll Co.*, 483 F.3d 150, 158–59 (2d Cir. 2007) (addressing the issue of whether a party should be conferred "reliance party" status under 17 U.S.C. § 104A(h)(4)(A) and looking to the text, legislative history, and purpose of 17 U.S.C. § 412 for support); *Grant Heilman Photography, Inc. v. McGraw-Hill Glob. Educ. Holdings, LLC*, No. 17-694, 2018 WL 3193706, at *5–6 (E.D. Pa. June 28, 2018) (finding a plaintiff similarly barred from statutory damages and attorney's fees where the infringement was part of a series of continuing infringements that began prior to registration).

Last, the Court finds that immediate appeal from its Order would not materially advance the ultimate termination of the litigation.  "An issue will materially advance the termination of litigation 'when resolution of a controlling legal question would serve to avoid

---

[1] Notably, Plaintiff's opening brief in support of certification does not present *any* cases showing that there is a substantial ground for difference of opinion between courts.  (ECF No. 40 at 7.) Rather, Plaintiff takes issue with this Court's interpretation of binding Fourth Circuit precedent in *Bouchat v. Bon-Ton Dep't Stores Inc.*, 506 F.3d 315 (4th Cir. 2007). Such an argument is not proper grounds for this Court to permit an interlocutory appeal under 28 U.S.C. § 1292(b).

3

a trial or otherwise substantially shorten the litigation.'" *Nat'l Interstate Ins. Co.*, 2016 WL 1228622, at *3 (quoting *Clark Constr. Grp., Inc. v. Allglass Sys., Inc.*, No. 2002-1590, 2005 WL 736606, at *4 (D. Md. Mar. 30, 2005)). Here, the Court's Order only served to bar Plaintiff's recovery of statutory damages and attorney's fees—it did nothing to alter the ultimate course of this litigation. Indeed, an interlocutory appeal here "would likely impede, rather than expedite, the progress of this case, thereby potentially prolonging its disposition, creating more litigation and expense, and causing an inefficient use of judicial resources*." Hatch v. Demayo*, No. 16CV925, 2018 WL 4688390, at *3 (M.D.N.C. Sept. 29, 2018).

Accordingly, Plaintiff has not shown he is entitled to the "extraordinary remedy" of "immediate appeal of a certified question"—such a request is "not to be granted lightly." *Fannin v. CSX Transp., Inc.*, 873 F.2d 1438, 1989 WL 42583, at *2 (4th Cir. 1989) (unpublished table decision). Plaintiff's request for certification of interlocutory appeal and motion to stay the proceedings is therefore denied.

For the reasons stated herein, the Court enters the following:

### ORDER

**IT IS THEREFORE ORDERED** that Plaintiff's Petition for Certification of Interlocutory Appeal and Motion to Stay, (ECF No. 39), is **DENIED**.

This, the 15th day of November 2022.

/s/ Loretta C. Biggs
United States District Judge